UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-140-B-W |
| | ) | |
| DAVID G. YOUNG, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS
COUNT I OF THE INDICTMENT**

In Count I of the Indictment returned against Defendant David G. Young, the Grand Jury
charges that, between the dates of "about March 1997 until about September of 2005,"
Defendant "did knowingly embezzle, steal, purloin and convert to his use and the use of another,
money of the Office of Personnel Management, a department or agency of the United States,"
which money consisted of "Civil Service Retirement System Benefits payments made to his
deceased mother in law, to which he was not entitled," in violation of 18 U.S.C. § 641.
Defendant has filed a motion to dismiss Count I of the Indictment on the ground that it is
duplicitous and charges conduct outside the applicable statute of limitation, 18 U.S.C. § 3282.
The Court referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b).
For reasons that follow, I recommend that the Court grant the motion, in part, by dismissing the
first charge of the Indictment to the extent it seeks a conviction based on alleged violations of 18
U.S.C. § 641 completed prior to September 9, 2004.

**DISCUSSION**

Defendant's motion presents a legal challenge to the Indictment based on the statute of
limitation and concern over duplicitous charging.  I begin with the statute of limitation.

A.      **The Statute of Limitation and Continuing Offenses**

Title 18 U.S.C. § 3282(a) provides, in pertinent part:  "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  With this language, "Congress has declared a policy that the statute of limitations should not be extended 'except as otherwise expressly provided by law.'"  Toussie v. United States, 397 U.S. 112, 115 (1970).

"[T]he government bears the burden of proving that the prosecution was started within the applicable statute of limitations period."  United States v. Ferris, 807 F.2d 269, 272 (1st Cir. 1986).  "Ordinarily the limitation period begins to run when the crime is complete."  United States v. Bucci, 582 F.3d 108, 115 (1st Cir. 2009) (citing Toussie, 397 U.S. at 115).  "A crime is not complete until every element of the crime has been accomplished."  United States v. Walsh, 928 F.2d 7, 11 (1st Cir. 1991) (addressing the issue of when a crime of embezzlement is fully accomplished).  For some crimes, "the doctrine of continuing offenses" may serve to forestall the running of the limitation period because it forestalls completion, or exhaustion, of a crime. Toussie, 397 U.S. at 115.  This doctrine applies "only in [two] limited circumstances."  Id. Those circumstances are where: (1) "the explicit language of the substantive criminal statute compels such a conclusion" or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  Id.  The Government concedes that the first circumstance does not exist in this case because "[t]here is nothing in the language of Section 641 which discusses the statute of limitations or provides that the crime of theft from the Government should be treated as a continuing offense."  (Gov't Response at 6, Doc. No. 25.) However, the Government argues that it can charge acts of embezzlement that lie outside the

limitation period because "the nature of the crime with which the Defendant is charged is such that Congress must assuredly have intended that it be treated as a continuing offense." (Id. at 7.)

The limitation issue in this case is whether the charge of embezzlement[1] contained in Count I of the Indictment charges a continuing offense. The Defendant argues that the charge of embezzlement is not a continuing offense, despite serial alleged violations, because each alleged embezzlement event is complete and exhausted upon commission. The Defendant cites persuasive authority issued by this Court, the Seventh Circuit, and other courts to that effect. (Def.'s Reply Mem. at 3-5.) The Government argues that the charge of embezzlement does involve a continuing offense because a scheme of embezzlement frequently entails multiple transactions over time and all of those transactions can be charged in a single count. (Gov't Response at 8.) The Government also cites persuasive authority in support of its position, most notably United States v. Smith, 373 F.3d 561 (4th Cir. 2004). (Id. at 8-11.) The cases cited by the parties afford a comprehensive assessment of the competing positions. In my view, the cases relied on by the Defendant offer a more persuasive answer to the issue presented.

Although there is nothing inappropriate about charging a course of embezzlement activity in a single count, for reasons set out in the subsequent section of this discussion, there is also nothing inherent in the crime of embezzlement that makes each separate criminal act incomplete or unexhausted for purposes of applying the statute of limitation just because the same criminal act is repeated over and over again on a monthly basis and the defendant's *mens rea* is

---

[1]    The Indictment, of course, charges that the Defendant "did knowingly embezzle, steal, purloin and convert" government funds. As the Government observes in footnote 5 of its responsive brief, it is permitted to allege the various means of violating Section 641 in the conjunctive where the statute states several different means by which the crime may be committed. United States v. Garcia-Torres, 341 F.3d 61, 66-67 (1st Cir. 2003). In my discussion I refer to embezzlement because that is the larceny-type offense that the government focuses its discussion on in opposition to the statute of limitation defense. I am not persuaded, however, that the concept of embezzlement necessarily improves the Government's position just because an element of the traditional crime of embezzlement concerns the defendant's subjective knowledge of the unlawfulness of his appropriation of another's property and, therefore, the crime is not complete upon the mere acquisition of funds. (See Gov't Response at 8 n.6.)

presumptively the same each time.  Unlike the crimes of kidnapping, conspiracy, and possession

of contraband, which can "perdure" and "'each day bring[] a renewed threat of the evil Congress

sought to prevent,'" an unlawful appropriation of funds, such as by means of embezzlement, is

complete upon a knowing misappropriation and the new day dawns without the harm associated

with the past act of appropriation becoming any worse or giving rise to any ongoing threat.

United State v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) (quoting Toussie, 397 U.S. at 122).

Even when there is a "scheme" or intention to engage in future acts of embezzlement, the mere

existence of such an intention does not exacerbate the criminality of a past act of embezzlement.[2]

Moreover:

> As the Yashar court persuasively reasoned, the danger of adopting the approach
> of looking to the nature of the underlying conduct charged and equating "a
> continuing course of conduct or scheme" with a continuing offense under Toussie,
> see id., is that "a prosecutorial decision regarding the scope of the charge would
> determine the running of the limitations period[.]"

United States v. Bundy, Crim. No. 08-196-P-H, 2009 U.S. Dist. Lexis 56466, *26, 2009 WL

902064, *10 (D. Me. Mar. 31, 2009) (Rich, Mag. J., report and recommendation, adopted on de

novo review by Hornby, J., May 22, 2009) (quoting Yashar, 166 F.3d at 877, 878, and collecting

cases).

---

[2]     The Smith Court placed great emphasis on a finding that the defendant "set into place and maintained an
automatically recurring scheme."  373 F.3d at 568.  That finding does not logically equate a pattern of
embezzlement with a crime like kidnapping or escape, which, while fully committed upon a single criminal act,
brings into being an enduring illegality that intensifies with the passage of each new day irrespective of any new
criminal conduct.  The Government argues that the Court should follow Smith because the conduct charged in Smith
better resembles the conduct charged in Bundy.  (Gov't Response at 12-15 & n.11.)  The point the Government
makes is that the conduct charged in the Indictment corresponds with the theory espoused in Smith that the
"automatic" nature of the scheme is the essential ingredient that makes the conduct similar to a traditional continuing
offense.  (Id. n.11.)  I am not persuaded that the relative persuasiveness of Yashar, Smith, Bundy, or the other cases
cited in these decisions or by the parties is significantly impacted by the specific conduct charged in each case.

For these reasons, I recommend that the Court grant the Defendant's motion, in part, and restrict Count I of the indictment to acts of embezzlement/theft committed on or after September 9, 2004.

**B.     Duplicitous Charges**

The Defendant otherwise argues that Count I "raises the issue of duplicity," arguing that two or more offenses are charged in Count I because "the government appears to consider each monthly payment following the decedent's death to have been unlawfully retained by the Defendant." (Mot. to Dismiss at 1.) "A count is duplicitous when it charges more than one offense in a single count." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995). The Defendant appears to be arguing that each monthly deposit into his account must be set out in a separate count. Count I of the Indictment is not subject to dismissal based on duplicity. First, Count I presents only a single charge of violating 18 U.S.C. § 641, which is "a single, cognizable crime."[3] United States v. Huguenin, 950 F.2d 23, 26 (1st Cir. 1991) (per curiam). Consequently, the Indictment does not expose the Defendant to punishment for a single crime more than once. United States v. Chacko, 169 F.3d 140, 146 (2d Cir. 1999). Additionally, the Indictment does not raise the danger of a guilty verdict being returned without the jury reaching a unanimous verdict that the defendant committed a particular offense. Id. The Government is permitted to aggregate a series of discrete violations of the same criminal statute under the same count if the acts comprised part of a unitary scheme. United States v. Hensley, 91 F.3d 274, 278 (1st Cir.

---

[3]      The other counts charge tax evasion, which requires proof of a crime based on conduct different from embezzlement or larceny.

1996).  Because the victim and *modus operandi*[4] for each alleged transaction are the same, Count I of the Indictment legitimately alleges a unitary scheme.  Id.; United States v. Daley, 454 F.2d 505, 509 (1st Cir. 1972) (rejecting argument that either of two counts of embezzlement was duplicitous where multiple checks were aggregated and "[e]ach count charged only the total sum, not the individual checks");  United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978) (involving a count charging embezzlement against the same victim, but by diverse means, and concluding that the defendant's concern over unanimity in the verdict could be addressed with "an appropriate instruction to the effect that the jurors must agree on at least one act");  United States v. Atiyeh, 330 F. Supp. 2d 499, 502-504 (E.D. Penn. 2004) (involving two counts of embezzlement, each addressing a different scheme, and also suggesting the possible use of a verdict form to address any possible concerns over sentencing factors).

## CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss Count I of the Indictment, IN PART, specifically limiting its order to that portion of Count I that calls for a conviction based on violations of 18 U.S.C. § 641 committed prior to September 9, 2004.[5]

---

[4]    The Government maintains that Defendant appropriated monthly deposits of federal benefit funds paid for the benefit of his mother-in-law over a period of several years following his mother-in-law's death.  (Gov't Response at 2-3.)

[5]    In Atiyeh, the Court denied a motion to dismiss the indictment even though it found that a portion of the embezzlement scheme charged in one count partially strayed beyond the statute of limitation.  The Court chose to simply deny the motion and address the statute of limitation issue in its instructions, rather than grant the motion in part, recognizing that the events occurring beyond the statute of limitation remained relevant to the timely charges.  Atiyeh, 330 F. Supp. 2d at 504 ("To the extent that any concerns about a unanimous verdict and the statute of limitations are raised, such concerns may be allayed by a jury instruction requiring unanimity as to at least one of the affirmative acts *within the permissible time period*.") (emphasis added).  If the Court should agree with the recommendation contained in the discussion of the statute of limitation issue, it may well prefer to cure the statute of limitation problem by means of its instructions, in the manner used by Judge Robreno in Atiyeh.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 25, 2010