UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-140-B-W |
| | ) | |
| DAVID G. YOUNG | ) | |

**ORDER AFFIRMING IN PART AND REJECTING IN PART
THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Although the Court agrees with the Magistrate Judge that an alleged violation of the first paragraph of 18 U.S.C. § 641 does not state a continuing offense, the Court denies the Defendant's motion to dismiss the indictment on statute of limitations grounds because it is prevented from considering the Government's offer of proof and the contents of the indictment are too vague to allow a conclusion that the charge violates the statute of limitations.

**I.     STATEMENT OF FACTS**

On September 9, 2009, a federal grand jury indicted David G. Young for conversion of government money, an alleged violation of 18 U.S.C. § 641.[1]  *Indictment* (Docket # 1).  On November 20, 2009, Mr. Young moved to dismiss count one, based on statute of limitations and duplicitous indictment grounds.  *Mot. to Dismiss Count I of the Indictment* (Docket # 18) (*Mot. to Dismiss*).  On December 11, 2009, the Government responded.  *Resp. to Def.'s Mot. to Dismiss Count One of the Indictment* (Docket # 25) (*Gov't's Resp.*).  Mr. Young replied on January 11, 2010.  *Def.'s Reply in Support of Mot. to Dismiss Count One of the Indictment* (Docket # 36).  The Court referred the motion to the Magistrate Judge, and on January 25, 2010, the Magistrate Judge issued her Recommended Decision.  *Recommended Dec. on Mot. to*

---

[1] The grand jury also indicted Mr. Young for three counts of false statements in connection with income tax return, alleged violations of 26 U.S.C. § 7206(1).  *Indictment*.  Mr. Young's motion to dismiss does not address those counts.

*Dismiss Count I of the Indictment* (Docket # 41) (*Rec. Dec.*). Both the Government and the Defendant objected to the Recommended Decision on February 11, 2010. *Def.'s Objection to Magistrate's Recommended Dec. on Mot. to Dismiss Count I of the Indictment* (Docket # 42); *Gov't's Objection to Recommended Dec.* (Docket # 43), and each replied. *Def.'s Reply to Gov't's Objection to Recommended Dec.* (Docket # 48); *Gov't's Resp. to Def.'s Objection to Recommended Dec.* (Docket # 49). Mr. Young moved for oral argument, which the Court held on March 11, 2010.

In a thoughtful decision, the Magistrate Judge recommended that the Court dismiss Count One of the Indictment to the extent it seeks a conviction on alleged violations of § 641 completed prior to September 9, 2004.[2] *Rec. Dec.* at 1. The Magistrate Judge based her recommendation on the conclusion that a § 641 embezzlement charge is not a continuous offense. The Court arrives at a similar conclusion, but by a different route.

## II.     DISCUSSION

### A.     A Preliminary Question

A preliminary question is what the Court may properly consider in ruling on a motion to dismiss the indictment.[3] *See United States v. Stevens*, 578 F. Supp. 2d 172, 177 (D. Me. 2008). Traditional civil motion practice is not generally available in criminal law because *inter alia* unlike a civil action, a criminal prosecution is typically initiated by grand jury, which is carrying out a constitutional function. *Id.* Thus, for purposes of a motion to dismiss, a court must accept the allegations in the indictment as true. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1969). Moreover, motions to dismiss in criminal law are constrained by a defendant's

---

[2] The Magistrate Judge rejected the Defendant's argument that the Indictment was duplicitous. *Rec. Dec.* at 5-6. The Court agrees with the Magistrate Judge for the reasons set forth in the Recommended Decision.
[3] Mr. Young's motion does not cite the Rule under which he is moving; however, the Court assumes it must be Rule 12(b)(3)(B), which allows a defendant to make "a motion alleging a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B).

constitutional right to a jury trial, so the Court cannot weigh factual findings that must be left for jury determination. *United States v. Levesque*, 681 F.2d 75, 78 (1st Cir. 1982) (noting that "[w]hether the crime occurred in Indian country was thus a jurisdictional fact susceptible to determination without reference to any of the facts involved in determining defendants' guilt or innocence").

Although Rule 47(d) permits parties to submit affidavits in support of a motion, neither Rule 12(b) nor Rule 47(d) "was intended to permit 'speaking motions,' that is, motions that require facts outside the pleadings. Were the rule otherwise, the truth of the allegations could be challenged by affidavit, and the pretrial motion could be turned into a trial of the general issue." 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 194 (4th ed. 2008); Fed. R. Crim. P. 12(b)(2) (stating that a party may raise by pretrial motion any objection "that the court can determine without a trial of the general issue"); *see also* Fed. R. Crim. P. 47 1944 advisory committee note 3 (stating "that a motion may be supported by affidavit is not intended to permit 'speaking motions' (e.g. motion to dismiss an indictment for insufficiency supported by affidavits), but to authorize the use of affidavits when affidavits are appropriate to establish a fact (e.g. authority to take a deposition or former jeopardy)").

Here, the indictment states:

> From about March of 1997 until about September of 2005, in the District of Maine, the Defendant David G. Young did knowingly embezzle, steal, purloin and convert to his own use and the use of another, money of the Office of Personnel Management, a department or agency of the United States, namely, Civil Service Retirement System Benefits payments made to his deceased mother in law, to which he knew he was not entitled, having a value of approximately, $140,234.14.

*Indictment*. Citing the five year statute of limitations, Mr. Young observes that the period before September 9, 2004 extends beyond five years before the date of the indictment, and he asks that the entire count be dismissed. *Mot. to Dismiss* at 1 (citing 18 U.S.C. § 3282).

3

From the facts alleged in the indictment alone, however, it is unclear whether the five year statute of limitations is violated. This is because the allegations in the indictment do not clarify what the Government is claiming Mr. Young did to embezzle, and the extent to which his actions took place before September 9, 2004. For example, if Mr. Young took a series of steps before September 9, 2004 that led to a final transfer on or after September 9, 2004 of the full $140,234.14, the indictment would survive his statute of limitations attack.

In its memorandum, however, the Government provided an expansive description of the facts underlying the charge. *Gov't's Resp.* at 2-4. The Government says that before his mother-in-law died, Mr. Young took care of her financial affairs, and that he maintained a joint checking account with her. *Id.* She was the beneficiary of an Officer of Personnel Management monthly survivor payment. *Id.* The Government asserts that after the Defendant's mother in law died on February 3, 1997, he removed her name from the checking account and from March 1997 through September 2005, Mr. Young continued on a monthly basis to receive government money meant for his deceased mother in law. *Id.*

Because of the Rule 12(b)(2) constraint against making determinations on "the general issue," the Court is chary about accepting a proffer by the Government that details the evidence it would bring to bear at trial. It is true that in *United States v. Ferris*, the First Circuit stated that a court must accept as true "the allegations in the indictment and the unchallenged statement of proof of the prosecutor." 807 F.2d 269, 271 (1st Cir. 1986). But, the types of facts that have been accepted for purposes of a motion to dismiss are confined. For example, in *Levesque*, the First Circuit considered in the context of a motion to dismiss whether the locus of an offense was in a dependent Indian community. *See* 681 F.2d at 78. In *Levesque*, the First Circuit carefully observed that "[w]hether the crime occurred in Indian country was thus a jurisdictional fact

4

susceptible of determination without reference to any of the facts involved in determining defendants' guilt or innocence." *Id.* Here, the Government's proffer goes directly to the question of Mr. Young's guilt or innocence, and if the Court accepts an offer of proof from the prosecutor that essentially sets forth the evidence the Government would produce at trial, the motion to dismiss becomes more like a civil motion for summary judgment.[4] Moreover, Mr. Young remains presumed innocent and it can hardly be said that the Government's facts, which if accepted would be sufficient to convict the Defendant, are "unchallenged" from Mr. Young's perspective. Restricted to the allegations in the indictment, the Court cannot grant the Defendant's motion to dismiss.

### B.   Whether Embezzlement Is A Continuing Offense

At the same time, the Government and Mr. Young have sparred over whether embezzlement under 18 U.S.C. § 641 charges a continuing offense, and the parties are understandably anxious to learn how the Court is going to instruct the jury regarding conduct prior to September 9, 2004, because it will affect the trial of the case. The resolution of this question is not strictly necessary for the resolution of the pending motion to dismiss, and the Court is mindful of the admonition against advisory opinions. Nevertheless, trial is looming and the context of parties' request for clarification includes how the Court will instruct the jury about whether Mr. Young can be convicted for actions he undertook and completed before September 9, 2004, what the prosecutor and defense counsel may say about pre-September 9, 2004 activity during their opening statements, and the extent to which and under what restrictions evidence of activity before September 9, 2004 will be admissible. To assist the parties, the Court addresses

---

[4] If the Government's proffer is considered, the motion becomes more like a civil Rule 12(d) motion under which the Court is obligated to treat a motion to dismiss as a motion for summary judgment and to afford the parties an opportunity to present material pertinent to the motion, a procedure unknown in criminal law. *See* Fed. R. Civ. P. 12(d).

this question since it is now akin to a pretrial ruling on jury instructions or motion in limine, and the parties need to know how to proceed.

There is no First Circuit authority on whether a violation of the first paragraph of § 641 is a continuing offense under *Toussie v. United States*, 397 U.S. 112, 115 (1970), and other circuits are split. In *United States v. Yashar*, the Seventh Circuit distinguished between a course of conduct and a continuing offense, and observed that if the "statute describes an offense that by its nature continues after the elements are met, then the offense is a continuing one regardless of the nature of defendant's actions beyond that point." 166 F.3d 873, 877 (7th Cir. 1999). *Yashar* was concerned that "a prosecutorial decision regarding the scope of the charge would determine the running of the limitations period. In this manner, the statute of limitations, designed as a control on governmental action, would instead be defined by it." *Id.* at 878. The Seventh Circuit concluded that § 666, an analogous embezzlement criminal statute, did not state a continuing offense. *Yashar* stands against a Fourth Circuit case, *United States v. Smith*, which concluded that "the nature of embezzlement is such that Congress must have intended that, in some circumstances, it be treated in section 641 as a continuing offense." 373 F.3d 561, 564 (4th Cir. 2004).

Persuasive arguments can be made for either position, but fortunately, as Magistrate Judge Kravchuk pointed out, there is a well-reasoned opinion from Magistrate Judge Rich of this District, which has been affirmed by District Judge Hornby, that concludes that "the crime of conversion of government funds codified in the first paragraph of section 641 inherently is not a continuing offense." *United States v. Bundy*, Criminal No. 08-196-P-H, 2009 U.S. Dist. LEXIS 56466, at *25 (D. Me. Mar. 31, 2009), *aff'd* (D. Me. May 22, 2009). The Court will not reinvent a well crafted wheel and unnecessarily create a split of authority within the District.

Accordingly, the Court adopts, as did the Magistrate Judge, the view that the crime of conversion under the first paragraph of § 641 does not charge a continuing offense.

The practical effect of this ruling is that the Government will be restricted to proving that Mr. Young committed the offense within the five year period immediately prior to the return of the indictment or on or after September 9, 2004. The Government may be allowed to introduce evidence of Mr. Young's actions before September 9, 2004, but only to the extent that those actions are admissible under the Federal Rules of Evidence to prove the commission of the crime within the statutory period. The Government may wish to supersede the indictment to limit the period of criminality it alleges, but this is a matter for prosecutorial discretion. If evidence of actions prior to September 9, 2004 is admitted, the Court will instruct the jury upon request by the Defendant that to prove its case against Mr. Young, the Government must demonstrate that he committed each element of the charged offense on or after September 9, 2004.

## III.   CONCLUSION

The Court AFFIRMS in part and REJECTS in part the Magistrate Judge's Recommended Decision (Docket # 41). The Court DENIES the Defendant's Motion to Dismiss the Indictment (Docket # 18).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2010