UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-140-B-W |
| | ) | |
| DAVID G. YOUNG | ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE* RE: BUSINESS RECORDS**

With trial nearing on the indictment of David G. Young for filing false tax returns, the Government moves *in limine* for a pre-trial ruling on the admissibility of three exhibits, H&R Block TaxCut Software for the years 2003 through 2005. *Gov't's Mot.* in Limine *Re: Business Records* (Docket # 67) (*Gov't's Mot.*). The Government describes the background:

> The Government has charged the Defendant with filing false tax returns for tax years 2003, 2004 and 2005. As part of its proof at trial, the Government intends to introduce the testimony of a custodian of records from the Internal Revenue Service (IRS) who will state that the IRS received a tax return for David and Mary Young for each of the years in question and that those returns were electronically filed using H&R Block's electronic filing service called "TaxCut." The IRS custodian will be able to testify that the taxpayer identified as David Young filed the returns using the Self-Select PIN method (an alternative method of signing a return which is accepted by the IRS). The IRS custodian will also be able to say that the taxpayer identified as David Young electronically signed the return under the pertinent perjury warnings.

*Id.* at 1. The Government attached to its motion three "screen shots," model forms that H&R Block used each tax year for customers who filed electronically. *Id.* Attach. A-C. In addition, the Government attached a certificate of authenticity of business records attested to by Heather Watts, the Director of DTS at H&R Block, attesting that the forms were duplicates of original records, that the records were made at or near the time of the occurrence, that the records were kept in the course of a regularly conducted business, and that the business activity made such records as a regular practice. *Id.* Attach. D. The Government alleges that the records are

admissible under Federal Rules of Evidence 902(11) and 803(6), that they do not violate *Crawford v. Washington*, 541 U.S. 36 (2004), and that they are admissible as duplicates under Federal Rules of Evidence 1002 and 1003. *Gov't's Mot.* at 2-3.

Mr. Young objects. *Def.'s Opp'n to Gov't's Mot.* in Limine *Re: Business Records* (Docket # 73). Mr. Young focuses on Federal Rule of Evidence 1003, which addresses the admissibility of duplicates, and argues that the documents are "not duplicates that qualify for admission under Rule 1003." *Id.* at 1. He says that none of the proposed exhibits bears any mark of having been presented to Mr. Young and, even as descriptors of process rather than components of documents, there "is no record of the screens that actually appeared before Mr. Young – no way to tell whether the program worked correctly and presented each screen as intended – because some of the screens were discarded." *Id.* at 2.

Rule 1003 reads:

> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Fed. R. Evid. 1003. The Advisory Committee notes that "if no genuine issue exists as to authenticity and no other reason exists for requiring the original, a duplicate is admissible under the rule." Fed. R. Evid. 1003 advisory committee's note. In *United States v. Mulinelli-Navas*, the First Circuit observed that although the defendant objected to the document's authenticity and elicited testimony that it was not the original, she "failed to elicit any testimony or make any proffer suggesting that the original had been tampered with or altered in any way that the copy was not what it purported to be." 111 F.3d 983, 990-91 (1st Cir. 1997).

From the Court's perspective, the narrow question here is whether the screen shots are what they purport to be: forms that H&R Block used each tax year for those customers who filed

their tax returns electronically.  Mr. Young's objections run not to whether the copies are accurate copies of what H&R Block says they are, but whether these documents were ever presented to Mr. Young and whether they were in the same form when presented.  But, Mr. Young has not made any proffer to suggest that the original has been altered so that the copy is not what it purported to be.  The documents are therefore admissible under Rule 1003.  Mr. Young is free to explore on cross-examination, in direct examination of his own witnesses, or in argument the foundational issues that he has raised in objection.  However, at this point, the Government has satisfied Rule 1003, and the Court GRANTS its Motion *in Limine* Re:  Business Records (Docket # 67).

      SO ORDERED.

      /s/ John A. Woodcock, Jr.
      JOHN A. WOODCOCK, JR.
      CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2010