UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-140-B-W |
| | ) | |
| DAVID G. YOUNG | ) | |

**ORDER ON MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERT**

On April 5, 2010, the day before jury selection, David Young gave the Government

notice of his intention to call Dennis McConnell, Ph.D., an economist, as an expert witness.  The

notice stated:

> The subject matter on which Dr. McConnell may testify is the nature and scope of
> the investment products Mr. Young was licensed to sell and the training
> requirements for the licenses Mr. Young holds.  More generally, Dr. McConnell
> may comment on the nature of different types of investments and different types
> of retirement plans, including the manner in which assets are distributed following
> the death of an owner or participant.  The precise nature and scope of Dr.
> McConnell's testimony cannot be described in advance of trial because it will be
> responsive to testimony from prosecution witnesses.

*Mot.* in Limine *to Exclude Defense Expert* Attach. (Docket # 71) (*Gov't's Mot.*).   The

Government claims that Mr. Young violated Federal Rule of Criminal Procedure 16(b)(1)(C) by

failing to give reciprocal discovery and by tersely and belatedly summarizing Dr. McConnell's

expected testimony.  *Id.* at 1-2.  The Government also claims Dr. McConnell is not qualified to

express some of his opinions.  *Id.* at 2-3.

The extent to which a criminal defendant is required to provide discovery to the

Government is an exceedingly tricky area of law.  First, the First Circuit has held that "[t]here is

no requirement under [Federal Rule of Criminal Procedure] 16 or otherwise in the law,

mandating the disclosure to the defense of the identity of the government's trial witnesses."

*United States v. Reis*, 788 F.2d 54, 58 (1st Cir. 1986).  If the Government is not required to reveal the names of witnesses, the same general rule applies with even more force to a defendant, who after all has no burden of proof.  Fed. R. Crim. P. 16 advisory committee's note (1975 enactment) (stating that "[a] majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial").  To require a defendant to reveal witnesses to the Government is especially problematic because "[c]onstitutional doubts have always overhung discovery by the prosecution in criminal cases."  2 C.A. Wright & P.J. Henning, Federal Practice and Procedure § 260 (4th ed. 2009) (Wright & Henning).

Further, Rule 16 sets forth a process that must be followed before its defense expert disclosure provisions come into play.  Fed. R. Crim. P. 16(b)(1)(C)(i).[1]  The defendant must first request that the Government disclose its experts under Rule 16(a)(1)(G) and the Government must comply.  Then, the Government must request reciprocal discovery and, if so, the defendant is required to give "a written summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence."  *Id.*  The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  *Id.*  Finally, Rule 16 does not establish a deadline within which a defendant is required to respond.  Fed. R. Crim. P. 16 advisory committee's note (1993 am.) (stating that "[a]lthough no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion").

The spirit of Rule 16, however, is that the discovery is reciprocal.  In adopting the reciprocal discovery obligations, the Advisory Committee observed:

---

[1] Rule 16(b)(1)(C)(ii) separately addresses Rule 12.2 proceedings.  Fed. R. Crim. P. 16(b)(1)(C)(ii).

> The House version of the bill provides that the government's discovery is reciprocal.   If the defendant requires and receives certain items from the government, then the government is entitled to get similar items from the defendant.   The Senate version of the bill gives the government an independent right to discover material in the possession of the defendant.   The Conference adopts the House provisions.

Fed. R. Crim. P. 16 advisory committee's note (1975 enactment).  Here, apparently, Mr. Young requested discovery from the Government concerning its experts and the Government indicated it had none.  Mr. Young then obtained his own expert on a sub-issue just before trial.  The Court has qualms about whether the reciprocal discovery obligations apply to a defendant when the Government has decided not to use an expert.  Fed. R. Crim. P. 16 advisory committee's notes (1997 am.) (stating that "[i]f the defense makes such requests and the government complies, the government is entitled to similar, reciprocal discovery").  If the Government has elected not to call an expert witness, the discovery is no longer reciprocal; it is one-sided with the defense disclosing to the Government what the Government did not disclose to the defense.  This result casts a shadow over the defendant's right against self-incrimination, his right to counsel, and work product doctrine.

In light of these concerns, the Court will not prevent the defense from calling Dr. McConnell as an expert witness.  Wright & Henning § 264 n. 10 (stating that "[t]he exclusion sanction is not recommended because its results are capricious.  Thus, exclusion of prosecution evidence may produce a disproportionate windfall for the defendant, while exclusion of defense evidence may lead to an unfair conviction") (quoting Commentary at 11-67-11-68, A.B.A. Standards for Criminal Justice, 2d ed. 1980).  The Court is considering giving the Government a limited opportunity to question Dr. McConnell outside the presence of the jury, but has not yet resolved whether to do so.

3

The Court DENIES the Government's Motion *in Limine* to Exclude Defense Expert (Docket # 71).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2010