UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-140-B-W |
| | ) | |
| DAVID G. YOUNG | ) | |

**ORDER ON DEFENDANT'S FIRST MOTION *IN LIMINE*: TO EXCLUDE EXEMPLAR NOTICES FROM THE OFFICE OF PERSONNEL MANAGEMENT**

On April 5, 2010, David Young moved *in limine* for an order excluding from evidence certain exemplar notices from the Office of Personnel Management (OPM). *Def.'s First Mot.* in Limine: *To Exclude Exemplar Notices From the Office of Personnel Management* (Docket # 72) (*Def.'s Mot.*). The Government objects, but has not responded. The Government apparently seeks to present testimony that the OPM sent similar notices to Mary Jerram, the proper recipient of an OPM pension during her lifetime, and through her to the Defendant after she died. Mr. Young says that the Government does not have the original notices, or any receipts or documentary indicia that the notices were sent to Ms. Jerram. *Id.* at 1. He contends that the exemplar notices are not duplicates under Rule of Evidence 1003, but are merely examples of notices the Government alleges it sent to Ms. Jerram. *Id.* at 1-2.

Although the facts are not fully developed, it appears that the Government is going to present testimony that twice each year, the OPM sent to all pension recipients a letter that the Government claims should have placed him on notice that Ms. Jerram's benefits ended with her death.[1] The Government does not possess the original letter, which it sent to Ms. Jerram, and it

---

[1] Mr. Young seems to assume that the Court has copies of the OPM letters. *Def.'s Mot.* at 1 (stating that the Government is expected to seek to introduce "the enclosed documents"). It does not. No documents were enclosed. The Court has taken the significance of the documents from the Defendant's Trial Brief. *Trial Brief* at 1 (Docket # 65) (stating that "[i]t is also expected to include Defendant's alleged disregard of semiannual notices from the

apparently did not make a copy of each original to retain for its files. Nevertheless, the Court assumes that the Government can demonstrate through testimony that it sent substantively identical form notices to each OPM pension recipient, and that it has retained a facsimile of the original either in paper copy or in a computer file.

The Federal Rules of Evidence establish a preference for the original of any document, subject to certain exceptions. Fed. R. Evid. 1002 (stating that "[t]o prove the content of a writing . . . , the original writing . . . is required, except as otherwise provided in these rules or by Act of Congress"). One exception is Rule 1003, which allows for the admission of a duplicate unless "(1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Mr. Young stresses that the exemplar letters are not duplicates of the original letter, since they are not copies of the notices sent to Ms. Jerram herself.

The Government does not proffer these exemplars as exact copies of the same letters the OPM sent to Ms. Jerram. Apparently, the Government cannot produce the original of a letter and it did not retain copies of the thousands of letters OPM routinely sent to its pension recipients. The exhibits are instead examples of similar notices. The factfinder could infer that if the OPM sent the letters routinely to each recipient, if Ms. Jerram was an OPM recipient, and if OPM had the correct address, Ms. Jerram (or someone at her address after she died) received a notice containing the same language as the exemplar. *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 9 (1st Cir. 2001) (stating that "testimony regarding a regular business practice can be sufficient to establish the existence and content of missing business documents"). Thus, the exemplar is an original of what it purports to be, namely an exemplar, an original document

---

[OPM] that, the Government claims, advised him survivor annuity payments for the benefit of the deceased mother-in-law should have ended at her death").

admissible within the meaning of Rule 1002. Alternatively, depending on what is being proffered, it could be a duplicate of an exemplar under Rule 1003.

Mr. Young argues that the originals have either been lost or destroyed. *Def.'s Mot.* at 1. The Court is without any evidence that this is correct. However, to the extent Mr. Young is correct, the documents might be admissible under Rule 1004, which allows for the admission of "other evidence of the contents of a writing" if the original has been lost or destroyed. Fed. R. Evid. 1004. If the Government retained a copy of a lost or destroyed letter in a paper file and sought to admit a copy, the letter would clearly be admissible under Rule 1004. The fact that the letter is filed in the mind of a computer and the Government orders the computer to reprint a duplicate of the letter would not take the document outside Rule 1004.

Again, the Court does not have a copy of the proposed exhibit nor is it aware precisely what the Government says it is proffering. Nevertheless, depending on the underlying facts, the exhibit is admissible under Rules of Evidence 1002, 1003 or 1004. Mr. Young is of course free to attempt to undercut the Government's foundational arguments by pointing out that the Government does not have the original letters, does not have mail receipts, and does not have evidence that Mr. Young in particular ever received or read the notices.

The Court DENIES the Defendant's First Motion *in Limine*: To Exclude Exemplar Notices from the Office of Personnel Management (Docket # 72).

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2010