UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-140-B-W |
| | ) | |
| DAVID G. YOUNG | ) | |

**ORDER ON DEFENDANT'S OBJECTION TO TRIAL BRIEF**

Treating the Defendant's objection to the Government's Trial Brief as a motion *in limine*, the Court concludes that if the Government seeks to admit the Defendant's handwritten confession of July 25, 2007 during its case-in-chief, the Government must also admit his further typewritten explanation of July 30, 2007 under the "Rule of Completeness" found in Federal Rule of Evidence 106. The Court further concludes that under Federal Rule of Evidence 611(a), the Defendant will be allowed to explore any oral statements that he made to the police during the July 25, 2007 interview.

**I.    STATEMENT OF FACTS**

In anticipation of an upcoming jury trial on charges of Government money and false statements in connection with income tax returns, the Government filed its trial brief on March 30, 2010. *Trial Brief* (Docket # 63). In its brief the Government revealed that it intends to introduce into evidence the following handwritten statement the Defendant made to the federal Special Agents on July 25, 2007:

> When my mother-in-law, Mary E. Jerram, passed away in February 1997, her spousal benefit check continued to be deposited in the joint checking account with myself and my wife Mary Margaret Young. When she died I notified the funeral director about the checks, social security and retirement and thought that he notified the issuers. As time passed and the checks continued, I came to believe they should have stopped but did not question it – what I initially believed as a refund I came to know as unentitled benefits. No one knew of this situation and I was the only one who spent this money or knew that I was doing this. The money

>was for living expenses and to maintain a separate residence as I was separated from my wife.

*Id.* at 4.  On April 8, 2010, David G. Young responded, objecting to the admission of only the July 25, 2007 handwritten statement.[1]  *Def.'s Resp. to Evidentiary Issues Raised in Gov't's Trial Brief*: *Rule of Completeness* (Docket # 81) (*Def.'s Resp.*).  Mr. Young says that after the July 25, 2007 handwritten statement, he completed a second typewritten statement on July 30, 2007, and if the Government is allowed to admit his July 25, 2007 statement, the July 30, 2007 statement should also be admitted under the "Rule of Completeness" embodied in Federal Rules of Evidence 106 and 611(a).  The July 30, 2007 statement reads:

>On Wednesday, July 25th, I was interviewed by two investigators from the Office of Personnel Management for the possible miss use (sic) of government annuity payments.
>
>I answered their questions and provided a written, sworn statement at the end of the interview.
>
>The miss use (sic) in question relates to payments into a joint checking account I had with my mother-in-law, Mary E. Jerram.  She passed away in February 1997 but monthly deposits continued into the account until September 2005, then stopped without any explanation.  It was my belief that the deposits continued as a form of a refund on the spousal annuity.  This belief was based on conversations I had with Mary's husband, P. William Jerram, the deceased government employee, who told me about the refund option back in the early 1980s.  When the deposits stopped in September 2005 it was my assumption the refund was complete.
>
>When I was interviewed on July 25th, I admitted to spending the money and stated that if the entitlement was not valid, then I should have to pay back the money.
>
>After completing the written statement I was informed that I would be contacted with any additional requirements in regard to the investigation.  As of today, July 30th I have not had any subsequent contact regarding this matter.

*Def.'s Resp.* Ex. B.

The Government objects, saying that the July 30, 2007 statement was not an addendum to the July 25, 2007 statement, since the Government did not receive the July 30, 2007 statement

---

[1] The Defendant's response is awkward procedurally and the Court has elected to treat it as a motion *in limine*.

until it subpoenaed records from Mr. Young's employer, Katahdin Trust Company.  *Reply to Def.'s To Evidentiary Issues Raised in Gov't's Trial Brief*: *Rule of Completeness* (Docket # 82) (*Gov't's Reply*).  The Government asserts that if there are misunderstandings and distortions in his statement, Mr. Young "holds the keys to clarification in his hands."  *Id.* at 3.  He needs only take the stand and explain the statement, subjecting himself to cross-examination, the "time honored way of ensuring the reliability of testimony."  *Id.*

## II.   DISCUSSION

Rule 106 states:

> When a writing . . . or a part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing . . . which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106.  The Advisory Committee describes two purposes for Rule 106: "The first is the misleading impression created by taking matters out of context.  The second is the inadequacy of repair work when delayed to a point later in the trial."  Fed. R. Evid. 106 advisory committee's note.  To advance their positions, Mr. Young and the Government quote different portions of *United States v. Awon*, 135 F.3d 96 (1st Cir. 1998).  Emphasizing "otherwise inadmissible" language, Mr. Young correctly says that *Awon* described Rule 106 as holding "that an otherwise inadmissible recorded statement may be introduced into evidence where one side has made a partial disclosure of the information, and full disclosure would avoid unfairness to the other party."  *Def.'s Resp.* at (quoting *Awon*, 135 F.3d at 101); *see United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008).  Emphasizing "misunderstanding or distortion" language, the Government correctly quotes *Awon*:

> The doctrine of completeness does not permit the admission of otherwise inadmissible evidence simply because one party has referred to a portion of such evidence, or because a few inconsistencies between out-of-court and in-court statements are revealed through cross-examination; rather it operates to ensure

>fairness *where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement.*

*Gov't's Reply* at 2 (quoting *Awon*, 135 F.3d at 101) (emphasis added by the Government). But, as *Bucci* clarified, it is the rule in the First Circuit that "the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence." *Bucci*, 525 F.3d at 133.

The potentially misleading or distorting impact of admitting just the July 25, 2007 statement to the Special Agents is that the jury may conclude – at least until the July 30, 2007 statement is admitted – that Mr. Young's July 25, 2007 explanation was the only explanation he gave in the summer of 2007. More specifically, the July 25, 2007 handwritten explanation refers to Mr. Young's discussions with the funeral director, but not to prior conversations with William Jerram or to the question of a refund. If the Government is allowed to admit only evidence of the July 25, 2007 handwritten memo, the jury may well arrive at the conclusion that Mr. Young had made no other explanation for his conduct, and if this impression is allowed to settle during the Government's case-in-chief, the jury's first impression may harden into its final verdict, despite a later clarification.

There is also the question of how the evidence of a relatively contemporaneous explanation would come in to evidence during the presentation of Mr.Young's defense. As the Government suggests, if Mr. Young were to take the stand and testify about his conversation with the late William Jerram and about the refund issue, and during its cross-examination, the Government attacked his credibility, the July 30, 2007 statement would likely be admissible on redirect examination under Rule 801(d)(1)(B) to rebut "an express or implied charge against the declarant of recent fabrication or . . . motive." Fed. R. Evid. 801(d)(1)(B). The July 30, 3007 statement might be admissible without Mr. Young's testimony, but it might not.

This then places the question of admissibility in a slightly different context. To introduce the July 30, 2007 document and to avoid the prosecutor's argument that his explanation to the Special Agents was his only true explanation, Mr. Young might have to waive his Fifth Amendment privilege. Although the First Circuit has not directly addressed this issue, this prospect has troubled other circuit courts. In *United States v. Marin*, 669 F.2d 73, 85 n.6 (2nd Cir. 1982), the Second Circuit in evaluating the Seventh Circuit's approach wrote:

> [W]hen the government offers in evidence a defendant's confession and in confessing the defendant has also made exculpatory statements that the government seeks to omit, the defendant's Fifth Amendment rights may be implicated. In such circumstances, the Seventh Circuit has stated that the Fifth Amendment right to remain silent is violated when the omission paint(s) a distorted picture which (the defendant is) powerless to remedy without taking the stand and results in substantial prejudice to the defendant.

(internal punctuation and citation omitted). Addressing a similar issue involving the Government's admission of an allegedly false exculpatory explanation, the Second Circuit was even more direct in requiring the admission of the entire statement:

> This is especially true where, as here, the statement was offered as a false exculpatory assertion. The consideration may become somewhat more complex when the defendant's statement is offered to prove the truth of the matter asserted. Thus when the government offers in evidence a defendant's confession and in confessing the defendant has also made exculpatory statements that the government seeks to omit, the defendant's Fifth Amendment rights may be implicated.

*Id*.

In response the Government cites *United States v. Shaver*, 89 Fed. Appx. 529, 532-33 (6th Cir. 2004), which concluded that a trial court's decision not to allow a defendant to admit on cross-examination of a Government witness exculpatory portions of the defendant's statement, was not error, even though the defendant argued that he had no alternative but to take the stand and testify. The *Shaver* Court concluded that the trial court's decision "did not compel Shaver to

5

testify." *Id.* at 533. The Court reads *Shaver* as reinforcing a trial court's range of discretion in applying Rule 106. At the same time, the First Circuit has emphasized that in reviewing the exercise of trial court discretion under Rule 106, it places "heavy emphasis on the possible prejudice to [the defendant]." *United States v. Thuna*, 786 F.2d 437, 441 n.7 (1st Cir. 1986).

The Government's makes the sensible argument that in admitting the July 25, 2007 handwritten document, it has introduced the entire document within the meaning of Rule 106. *Govt's Resp.* at 1. This is not a situation where the Government has redacted exculpatory portions of a record of its interview and has sought to introduce only the inculpatory portions. The issue here, however, is "*what* is it that must be complete?" *United States v. Boylan*, 898 F.2d 230, 256 (1st Cir. 1990). If as the Government defines it, the document is confessions to law enforcement, the handwritten statement five days later to an employer does not render an earlier confession to a police officer complete. If as Mr. Young defines it, the document is contemporaneous confessions more generally, the handwritten statement would complete his explanation of his involvement in the crime.

The overall concern, however, is whether the admission of one statement and not the other meets the Rule's mandate that the complete document "ought in fairness . . . be considered contemporaneously with it." Fed. R. Evid. 106; *Awon*, 125 F.3d at 101 (stating that the question is whether "full disclosure would avoid unfairness to the other party"). Here, the Court concludes that if the Government seeks to admit one confession, it should admit the other. The implication that the July 25, 2007 statement was Mr. Young's only explanation, an explanation that runs contrary to his defense theory at trial, and the impact of the admission of only one statement and not the other on his Fifth Amendment right against self-incrimination are the deciding factors.

Mr. Young also asks to be allowed to explore on cross-examination of the Special Agents whether in addition to the July 25, 2007 handwritten statement, Mr. Young made oral exculpatory statements during his July 25, 2007 interview.  *Def.'s Resp.* at 6.  As the statements are oral statements, their admissibility is covered by Rule 611(a).  Unlike the July 30, 2007 typewritten statement, Mr. Young has not further defined what exculpatory oral statements he made to the Special Agents on July 25, 2007, but on the representation that he made contemporaneous exculpatory statements to the police that were not included in his handwritten statement, the admissibility of those statements on cross-examination of the Special Agents seems obvious.  Fed. R. Evid. 611(a) (stating that the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to "make the interrogation and presentation effective for the ascertainment of truth").

### III.   CONCLUSION

The Court concludes that if the Government seeks to admit the July 25, 2007 handwritten statement of the Defendant during its case-in-chief, it must also admit the July 30, 2007 typewritten statement.  The Court further concludes that the Defendant will be allowed to cross-examine the Special Agents on any contemporaneous oral exculpatory statements that the Defendant made during his police interview on July 25, 2007.

The Court GRANTS the Defendant's recast Motion *in Limine* (Docket # 81).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2010

8